UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

United States of America,

    Plaintiff

v.

Randall Burge, Trayvale Harrison, and Phillip Shiel,

    Defendants

Case No.: 2:18-cr-00144-JAD-GWF

**Order Granting Joinders, Overruling Objections to Findings and Recommendation, Adopting R&R, and Denying Motion to Dismiss**

[ECF Nos. 81, 91, 93, 95, 96]

    Defendants Randall Burge, Trayvale Harrison, Phillip Shiel, and Ianthe Rowland are charged with a handful of Hobbs Act violations, conspiracy to money launder, and four counts of brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) all arising out of a serious of armed robberies of armored cars in the summer of 2017. Burge moves to dismiss the firearms charges, arguing that § 924(c) is unconstitutionally vague. Harrison and Shiel join in his motion. Magistrate Judge Foley considered the motion to dismiss and recommends that I deny it. Burge objects, joined by Harrison and Shiel.[1] Having reviewed the motion *de novo*, I adopt Judge Foley's findings and conclusions, overrule the defendants' objections, and deny the defendants' motion to dismiss.

## Background

    Burge moves to dismiss counts three, five, seven, and nine, arguing that the term "crime of violence" as used in § 924(c)(1)(A) is unconstitutionally vague and violates his right to due process of law under the Fifth Amendment.[2] Magistrate Judge Foley held a hearing, considered

---

[1] Harrison and Shiel move to join in Burge's objections. The government does not oppose those motions, ECF No. 97 at 2 n.1, so I grant them.

[2] ECF No. 81. Harrison and Shiel were granted joinders in the motion. ECF no. 90.

the motion, and recommends that I deny the motion to dismiss.[3]  He notes that, while § 924(c)(3)(B), known as the "residual clause," has been ruled unconstitutionally vague, § 924(c)(3)(A), known as the "force clause," has not, and a finding that an offense is a crime of violence under the force clause "obviates the need to decide whether" the residual clause is void for vagueness.[4]  He went on to hold that Hobbs Act robbery, with which all three defendants are charged, is a crime of violence under the force clause.  Judge Foley found that, because the defendants have not argued that Hobbs Act robbery is not a crime of violence under the force clause, their general arguments of vagueness fail.

In their objection, the defendants argue that Judge Foley's conclusion that Hobbs Act robbery is a crime of violence is incorrect because there are conceivable scenarios where an act that could be labeled Hobbs Act robbery may not include physical violence or direct acts of force.[5]  They also assert that, if the residual clause is void for vagueness, the constitutionality of the force clause should not be assumed.[6]  I review and consider these issues de novo.

## Discussion

**A.  Standard of Review**

A U.S. Magistrate Judge may "hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss or quash an indictment or information made by the defendant."[7]  "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition . . . a party may serve and file specific written objections to the

---

[3] ECF No. 91.
[4] *Id.* at 3.
[5] ECF No. 93 at 2.
[6] *Id.*
[7] 28 U.S.C. § 636(b)(1)(A).

2

proposed findings and recommendations . . . ."[8]  When an objection is made, the district court reviews those objections *de novo*.[9]  "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[10]

B.  **Analysis**

The Hobbs Act states that "[w]homever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . shall be fined under this title or imprisoned not more than twenty years, or both."[11]  The Act goes on to define robbery as "the unlawful taking or obtaining of personal property form the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or anyone in his company at the time of the taking or obtaining."[12]

Section 924(c)(1)(A) creates a separate offense for anyone who brandishes a firearm during the commission of a "crime of violence."  The government contends that Hobbs Act Robbery, the charge in counts two, four, six, eight, and ten of the indictment, is a crime of violence under § 924(c).  Section 924(c)(3) defines a "crime of violence" in two ways.  Section 924(c)(3)(A), the force clause, includes a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

---

[8] *Id.*
[9] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003); L.R. IB 3-2(b).
[10] *Reyna-Tapia*, 328 F.3d at 1121–22; *see also* L.R. IB 3-2(b).
[11] 18 U.S.C. § 1951(a).
[12] *Id.* § 1951(b).

3

Section 924(c)(3)(B), the residual clause, encompasses any felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Because the definition is disjunctive, a felony need only match one of the two clauses to qualify as a crime of violence under § 924(c)(1)(A).

In *Sessions v. Dimaya*, the U.S. Supreme Court held that a substantially identical definition of "crime of violence" in the residual clause of 18 U.S.C. § 16(b) was unconstitutionally vague.[13] *Dimaya* follows the Court's decision in *Johnson v. United States* (*Johnson 2015*), which held that a similar residual clause under the Armed Career Criminal Act (ACCA) was void for vagueness.[14] The defendants here argue that these cases, which void § 924(c)(3)'s residual clause for vagueness, similarly void the force clause. However, the defendants do not argue why the force clause—a definition that operates independently from the residual clause—is unconstitutionally vague or cite any authority to suggest the same. And, contrary to the defendants' bald assertions, the U.S. Supreme Court, in *Johnson v. United States* (*Johnson 2010*), discussed at length the precise meaning of the ACCA's force clause, which is materially similar to § 924(c)(3)'s force clause.[15] Therefore, I find this argument lacks merit.

The defendants also object to Judge Foley's conclusion that Hobbs Act robbery is categorically a crime of violence. But they similarly fail to cite any contrary authority to the cases that Judge Foley relied on, instead asserting that the cases "should be overruled."[16] In an attempt to show that Hobbs Act robbery is not a crime of violence, the defendants contend that

---

[13] *Sessions v. Dimaya*, ___ U.S. ___, 138 S.Ct. 1204 (2018).

[14] *Johnson v. U.S.*, 576 U.S. ___, 135 S.Ct. 2251 (2015).

[15] *Johnson v. United States*, 559 U.S. 133, 140–41 (2010) (holding that "physical force" in the definition of a "violent felony" means violent physical force "capable of causing physical pain or injury to another person").

[16] ECF No. 93 at 2.

simply "look[ing] threatening" while panhandling could, technically, qualify as Hobbs Act robbery. But placing someone "in fear of injury, immediate or future" to his person or property necessarily requires the use or attempted use of "physical force" and thus satisfies the force clause.[17] The phrase "fear of injury" must be read in context with the rest of the Hobbs Act.[18] The requirement that the taking be from the person or in his presence further supports the conclusion that a fear of injury means a fear of physical injury, which requires the threatened use of physical force.[19] Any other interpretation would read the physical-proximity requirement out of § 1951(b)(1).[20] The legislative history of the Hobbs Act also supports this conclusion. The Act's robbery definition is based on the traditional definition of robbery, which requires an intentional taking through the use of force or violence.[21]

---

[17] *See United States v. Castleman*, 572 U.S. 157, 174 (2014) (stating that "it is impossible to cause bodily injury without using force 'capable of' producing that result").

[18] *Davis v. Michigan Dept. of Treasury*, 489 U.S. 803, 809 (1989) ("[T]he words of a statute must be read in their context and with a view to their place in the overall statutory scheme.").

[19] Several other courts have reached this conclusion, and I find their reasoning persuasive. *See, e.g.*, United States v. Williams, 179 F. Supp. 3d 141, 151–52 (D. Me. 2016); *U.S. v. Pena*, 161 F. Supp. 3d 268, 275–76 (S. D. N.Y. 2016); *United States v. Lenzy*, 2016 WL 1019712, at *3 (N.D. Ga. Feb. 4, 2016); *United States v. Merinord*, 2015 WL 6457166, at *4–5 (E. D. N.C. Oct. 26, 2015); *United States v. Standberry*, 139 F. Supp. 3d 734, 738–40 (E. D. Va. 2015) (reasoning that "any act or threatened act [that] engenders a fear of injury implicates force and potential violence").

[20] *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992) (stating that "courts should disfavor interpretations of statutes that render language superfluous").

[21] *See, e.g., United States v. Farmer*, 73 F.3d 836, 842 (8th Cir. 1996) ("[R]obbery is defined in § 1951(b)(1) in terms consistent with the traditional common law definition, as the unlawful taking of personal property from the person or in the presence of another by force or violence"). Section 1951(b)(1)'s text was taken almost verbatim from New York's robbery statute. *United States v. Nedley*, 255 F.2d 350, 355 (3rd Cir. 1958) (reviewing legislative history).

Because Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)(3)'s force clause, I adopt the findings and recommendations of Judge Foley, overrule the defendants' objections, and deny the motion to dismiss counts three, five, seven, and nine.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Shiel's and Harrison's motions for joinder to Burge's objections **(ECF Nos. 95, 96) are GRANTED**; defendants' objections to the magistrate judge's report and recommendation **(ECF No. 93) are OVERRULED**, and the magistrate judge's report and recommendation **(ECF No. 91) is adopted** in full.

IT IS FURTHER ORDERED that defendants' motion to dismiss **(ECF No. 81) is DENIED.**

Dated: October 15, 2018

_____
U.S. District Judge Jennifer A. Dorsey